UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re:<br><br>DON KARL JURAVIN,<br><br>    Debtor.<br>_____/<br><br>DON KARL JURAVIN,<br>Case No. 6:18-bk-06821-KSJ<br><br>    Applicable Debtor.<br>_____/<br><br>DENNIS D. KENNEDY,<br>AS CHAPTER 7 TRUSTEE OF THE<br>ESTATE OF DON KARL JURAVIN,<br><br>    Plaintiff,<br>v.<br><br>SHAY ZUCKERMAN, ZUCKERMAN & CO.,<br>A/K/A SHAY ZUCKERMAN & CO. A/K/A<br>SHAY ZUCKERMAN & CO. LAW FIRM,<br>NOAM BEN-ZVI, NOAM BEN-ZVI LAW FIRM,<br><br>    Defendants.<br>_____/ | Chapter 7<br><br>Case No. 6:18-bk-06821-LVV<br><br>Case No. 6:20-bk-01801-LVV<br><br>*Jointly Administered with*<br>Case No. 6:18-bk-06821-LVV<br><br><br><br><br>Adv. Pro. No. 6:21-ap-00143-LVV |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S VERIFIED
MOTION TO DISMISS [Doc. 13] FOR LACK OF PERSONAL JURISDICTION**

DENNIS D. KENNEDY, AS CHAPTER 7 TRUSTEE OF THE ESTATE OF DON KARL JURAVIN ("Trustee" or "Plaintiff"), by and through its undersigned counsel, responds in opposition to Defendant's, ZUCKERMAN & CO. A/K/A SHAY ZUCKERMAN & CO. A/K/A

SHAY ZUCKERMAN & CO. LAW FIRM (the "Law Firm"), Verified Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 13) as follows:

1.  The Law Firm's motion is presented as *Verified*, and contains the electronic signature of Shay Zuckerman (p. 8), but it also notes that that an affidavit will be filed as a supplement to it. *See*, footnote 1, p. 1, "*Zuckerman & Co. will supplement this Motion with an Affidavit*"). No affidavit has been filed as of the date of this Response.

2.  By definition, Defendant's verification is only as to the "*Additional Facts Included in this Verified Motion*," (pp. 4-5, section III). There, Mr. Zuckerman asserts, inter alia, that his Firm did not authorize the claim made on its behalf in the main bankruptcy case (Doc. 13 at p. 5, ¶ 28), and that his Firm "*provided legal services to the Debtor and entities owned by the Debtor until the Debtor moved to the United States in approximately 2010*," (*Id*. at p. 4, ¶ 23 Emphasis added). Mr. Zuckerman further verifies that he and his Firm, "*practice law exclusively within Israel*," and neither one of them, "*practice law within the United States or Florida*," (*Id*. at p. 4, ¶ 20). Mr. Zuckerman acknowledges representing the Debtor after he moved to the U.S. in an Israeli marital/custody case (2013) and the Israeli probate of his grandmother's estate (2014), (*Id*. at p. 4, ¶¶ 24, 25), concluding, "*Both proceedings are now closed. As of the Petition Date, neither Mr. Zuckerman nor the Zuckerman Law Firm were representing the Debtor, the Juravin Entities, or any other entity owned or controlled by the Debtor in any legal matters*," (pp. 4-5, ¶ 26).

3.  The fact remains that the Law Firm acknowledges Trustee's allegation that a claim was made on behalf of the Law Firm in the bankruptcy case— but suggests this Court should disregard it. The Zuckerman Firm asks this Court to look beyond the four corners of the Complaint and conclude it lacks jurisdiction.

4.     The Trustee includes a 2014 letter from Mr. Zuckerman on his Firm letterhead, atttached as **Exhibit 1**, in response to Defendant's invitation to look beyond the four corners of the Complaint.  The letter makes a demand on behalf of Juravin entity Roca Labs against a U.S. citizen and resident of the greater Tampa Bay area, and cuts against the purported candor of Mr. Zuckerman's verified facts.

5.     The Zuckerman Firm Motion is also inconsistent with other matters of record in the main bankruptcy case.  For example:  A) On June 22, 2020, the Law Firm filed a *Motion to Extend Time to File an Objection to Trustee's Motion to Approve Sale of Assets* (Doc 358) in which the Law Firm, without using an electronic signature, sought to object to the Trustee's Motion to Approve the Sale of Assets, and; B) Communications with Mr. Zuckerman included in Doc 551, *Trustee's Motion to Compel foreign (Israeli) creditors-witnesses to comply with Notice of Rule 2004 examination , for issuance of a request for international assistance, and finding that Trustee owns the attorney- client privilege between the Debtor and the identified witnesses*, (Granted by Order dated 09/17/2021, Doc 567).

6.     Those communications included a copy of the claim made by the Zuckerman Firm, which Mr. Zuckerman did not disavow.  Instead, he asserted that this Court lacks personal jurisdiction over him individually, something he has since conceded based on his personal claim.

7.     Mr. Zuckerman still, today, refuses to comply with this Court's Order (Doc 567) granting Trustee's Motion to Compel.  Yet, he asks this Court to rely on his incomplete, inconsistent and inaccurate verified facts instead of those made by the Trustee in the Complaint, and otherwise demonstrated by the main bankruptcy case record.

8. The allegations made in the Complaint and the record activity docketed in the main case demonstrate, on their face, that the Zuckerman Firm submitted to the jurisdiction of this Court the Motion to dismiss should be denied.

Dated: January 14, 2022.  Respectfully submitted,

/S/*JAMES D. RYAN*
JAMES D. RYAN, ESQ.
FLORIDA BAR NO. 0976751
MOBILE: (561)889-1001
JDR@RYANLAWGROUP.NET
LAUREN@RYANLAWGROUP.NET
**RYAN LAW GROUP, PLLC**
636 U.S. HIGHWAY ONE, SUITE 110
NORTH PALM BEACH, FL 33408
MAIN: (561) 881-4447   FAX: (561) 881-4461
*SPECIAL COUNSEL TO DENNIS D. KENNEDY, TRUSTEE*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on **January 14, 2022**, a true and correct copy of the foregoing Plaintiff's Response in Opposition to Defendant's Motion to Dismiss was served by CM/ECF to **Michael S. Hoffman, Esq**., mshoffman@hlalaw.com, Hoffman, Larin & Agnetti, P.A., 909 North Miami Beach Blvd., Suite 201, North Miami, FL 33162, and to all parties registered to receive electronic notice.

/S/*JAMES D. RYAN*
JAMES D. RYAN, ESQ.